In re Petition for DISCIPLINARY AC-
TION AGAINST Harold W.E.
ANDERSON, an Attorney at Law of the
State of Minnesota.

No. C0–92–1140.

Supreme Court of Minnesota.

Dec. 23, 1993.

Marcia A. Johnson, Director, Karen Risku,
Sr. Asst. Director, Office of Lawyers Profes-
sional Responsibility, St. Paul, for appellant.

Harold W.E. Anderson, Grand Forks, ND,
for respondent.

PER CURIAM.

On June 19, 1992 the Director of the Office
of Lawyers Professional Responsibility filed
a petition for disciplinary action against Ha-
rold W.E. Anderson, who had been admitted
to the practice of law in North Dakota in
1956 and who was admitted to the practice of
law in Minnesota in 1978. Anderson admit-
ted service of the petition and entered into a
stipulation for temporary suspension, and
since June 22, 1992 Anderson has been sus-
pended from the practice of law pending the
outcome of these proceedings. After enter-
ing into that stipulation, however, Anderson
has made no response either to the petition
or to any inquiry by the Director's office.
Neither has he complied with the require-
ment of Rule 26, RLPR, that he notify clients
of his suspension. By this court's order of
July 15, 1993, the allegations were deemed
admitted pursuant to Rule 13(b), RLPR.

From his law office in Grand Forks, North
Dakota, Anderson represented clients in
Minnesota as well as in North Dakota. At
the time the Director's petition was filed,
however, Anderson was under interim sus-
pension in North Dakota pending disciplinary
proceedings there.

Like the North Dakota petition, the
Minnesota Director's petition, augmented by
a supplementary petition filed July 15, 1992,
alleged misconduct in dealings with both
Minnesota and North Dakota clients. The
Director's petition alleged the misappropria-
tion of about $94,000 described in the North
Dakota petition and also specifically alleged
the misappropriation of $22,000 from an es-
tate which is the subject of informal probate
proceedings in Polk County, Minnesota; in
addition, the petition alleged the comming-
ling of trust funds with personal and office
funds and misrepresentations with respect to
these funds; failure to maintain adequate
trust account records and to notify clients of
the receipt of funds in which they held an
interest; the repeated issuance of trust ac-
count checks which were not covered by suf-
ficient funds, prompting the bank to close the
trust account; neglect of client affairs; and,
finally, the admitted submission of false
statements in the North Dakota disciplinary
proceedings, including falsehoods made in a
deposition.

Pursuant to a stipulation in which he ad-
mitted to the conversion of property belong-
ing to his clients and engaging in dishonest,

fraudulent, and deceitful conduct, the North Dakota Supreme Court disbarred Anderson on October 28, 1992. The order of disbarment also ordered restitution of approximately $100,000 plus interest to clients, some of whom are Minnesotans; costs and expenses in the disciplinary proceeding in the amount of $2,500 and, in addition, the costs and expenses of the professional trustee.

In view of the outcome of the North Dakota disciplinary proceedings, the Director requests the reciprocal discipline of disbarment in Minneapolis pursuant to Rule 12(d), RLPR.[1] Certainly, the admitted pattern of misconduct recited in the North Dakota order of disbarment requires Anderson's disbarment in Minnesota, for the protection of the citizens of our sister state of North Dakota as well as the protection of the citizens of Minnesota.

Apart from the North Dakota proceedings, however, Anderson's pattern of aggravated misconduct in connection with his practice in Minnesota alone demands his disbarment. He misappropriated $22,000 from an estate which is the subject of informal probate proceedings in Polk County, Minnesota, and falsely represented that the money was in an account and would be distributed within a few weeks by the North Dakota Disciplinary Board. Anderson improperly obtained an interest-free loan of $5,500 from a client without informing the client that he should seek the advice of another lawyer with respect to the transaction. Anderson did not repay the loan.

Anderson accepted a retainer from a woman whom he represented in a marriage dissolution proceeding in Polk County, Minnesota in 1990. Anderson also agreed to prepare a will for the client. In 1991 the client requested Anderson to seek modification of the visitation provisions set out in the decree, and despite her voiced concern that there was a need to proceed promptly, several months later he falsely represented that the matter was set for hearing although he had not served, or even prepared, pleadings. Anderson did not return the client's file nor provide the requested accounting with respect to the retainer, and ultimately the client hired a private detective who obtained only an incomplete file from Anderson.

Anderson advised a client whom he represented in a marriage dissolution proceeding in Polk County, Minnesota, to place her funds in his trust account to avoid disclosure. Of the more than $22,000 the client turned over to Anderson, less than $5,000 was returned to her. Anderson converted the remaining funds, approximately $17,250, to his own use.

In short, Anderson has violated at least seven Minnesota Rules of Professional Conduct: Rule 1.3 (lack of diligence in representation); Rule 1.7 (conflict of interest); Rule 1.8 (prohibited transactions); Rule 1.15 (failure to keep client property safe); Rule 3.4(c) (disobedience of tribunal); Rule 4.1 (truthfulness of statements); and Rule 8.4(c) (professional misconduct by engaging in dishonesty, fraud, deceit, or misrepresentation).

---

1. Rule 12(d) of the Lawyers Professional Responsibility states as follows:

(d) **Reciprocal Discipline.** Upon learning from any source that a lawyer licensed to practice in Minnesota has been publicly disciplined or is subject to public disciplinary charges in another jurisdiction, the Director may commence an investigation and, without further proceedings, may file a petition for disciplinary action this Court.[sic] A lawyer subject to such charges or discipline shall notify the Director. If the lawyer has been publicly disciplined in another jurisdiction, this Court may issue an order directing that the lawyer and the Director inform the Court within thirty (30) days whether either or both believe the imposition of the identical discipline by this Court would be unwarranted and the reasons for that claim. Without further proceedings this Court may thereafter impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota. If this Court determines that imposition of the identical discipline is not appropriate, it may order such other discipline or such other proceedings as it deems appropriate. Unless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota.

[Amended to govern all actions commenced on or after March 1, 1991.]

Reference to precedent is not required to demonstrate that if the primary purposes of attorney discipline—to guard the administration of justice, to protect the courts, the legal profession, and the public, and to deter misconduct—are to be served, Anderson must be disbarred. Because Anderson's utter disregard of a lawyer's obligations impugn the integrity of the judicial system and the legal profession and have directly caused harm to the public, he is hereby disbarred. Anderson shall pay to the Director costs and disbursements in the amount of $750 pursuant to Rule 15(a)(8), RLPR.

Disbarment ordered.